JOHN WALTER & another *vs.* BOUTELL TRANSPORTATION
AND TOWING COMPANY.

Suffolk.    March 21, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Agency*, Scope of authority, Ratification, Commission.    *Broker*, Commission.    *Ship-broker.*

At the trial of an action by a shipbroker to recover a commission which the de-
fendant agreed to pay him for procuring an agreement by a customer of the
plaintiff to charter certain vessels to be furnished by the defendant, there was
evidence warranting a finding that the defendant had agreed to pay such com-
mission, that it had made an offer in writing addressed to the plaintiff "to
furnish" the vessels, which the plaintiff had transmitted to his customer, who
wrote to the plaintiff a letter which he intended to be an acceptance of the offer
but which varied from its terms, that the customer also orally told the plaintiff
that he accepted the offer, and that the plaintiff wrote the defendant a valid
acceptance which the customer subsequently ratified. The defendant contended
that the fact that the letter of the plaintiff to the defendant varied in its terms
from that of the customer to the plaintiff made it unauthorized and not a valid
acceptance of the defendant's offer. *Held*, that the plaintiff was entitled to
recover, the acceptance written by the plaintiff to the defendant being effective,
because authorized orally as well as ratified by the customer.

CONTRACT by the firm of shipbrokers who procured for the
defendant the agreement which was the basis of the case next
preceding.    Writ in the Superior Court for the county of
Suffolk dated January 22, 1901.

The case was tried before *Gaskill,* J., together with the
case next preceding on facts there reported.    The defendant
requested the presiding judge to rule in substance (1) that
on the whole evidence the plaintiffs were not entitled to re-
cover, (2) that they were not entitled to recover because, in
the letter of acceptance which they wrote Mack, they exceeded
the terms stated in the letter written them by the Metropolitan
Coal Company on the same day, (3) that, even if the Metro-
politan Coal Company ratified the plaintiffs' letter of Sep-
tember 28 to the defendant, the fact that such letter varied
from the terms of the letter from the Metropolitan Coal Com-
pany to them of the same date prevents recovery by the plain-

tiffs. The presiding judge refused the requests, made a special finding, as stated in the report of the case next preceding, and found for the plaintiffs, and the defendant excepted.

*A. C. Burnham,* for the defendant.

*R. M. Morse,* (*C. E. Hellier* with him,) for the plaintiffs.

LORING, J. The sole argument made in support of the exceptions here in question is based on the assumption that the defendant could not accept an offer more than once, and consequently that, since the letter of Mr. Hamlin dated September 28 was an unsuccessful attempt to accept the offer in question, the plaintiff violated the duty it owed the defendant in transmitting a communication which was an acceptance of the offer. We are of opinion that the argument rests on a fallacy for the reasons stated in *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co., ante,* 72.

*Exceptions overruled.*